IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS T.D. POLK, individually and as special administrator for the estate of KATARZYNA KUREK-POLK, deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 22 C 03658 |
| v. | )<br>) Judge Robert W. Gettleman |
| AMCO INSURANCE COMPANY, | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION & ORDER**

Plaintiff Thomas T.D. Polk ("Mr. Polk") brings this two-count complaint individually and as special administrator for the estate of Katarzyna Kurek-Polk, deceased ("Ms. Kurek-Polk") (collectively, "the Polks"), against defendant AMCO Insurance Company ("AMCO"). Count I alleges breach of contract, and Count II alleges statutory bad faith damages pursuant to 215 ILCS 5/155. Defendant moves to dismiss Count II for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The court denies defendant's motion (Doc. 7).

**BACKGROUND**

The instant case arises out of a coverage dispute regarding whether defendant owes underinsured motorist coverage ("UIM") to plaintiff under commercial automobile policy number ACP BAA 3079799669, issued to named insureds GEN11 Properties, LLC, and Thomas T.D. Polk ("the policy"). According to plaintiff, on March 15, 2021, he and Ms. Kurek-Polk were driving westbound when they observed a disabled vehicle on the shoulder of the highway. The Polks parked on the side of the road to render assistance to the driver of the disabled vehicle,

1

who appeared to be distressed. While the Polks were returning to—but still approximately 500 feet away from—their vehicle, a third driver "lost control" of his vehicle and struck Mr. Polk and Ms. Kurek-Polk. As a result, Mr. Polk was seriously injured, and Ms. Kurek-Polk died.

On January 31, 2022, plaintiff, through his counsel, wrote to defendant indicating that he was filing a claim to seek UIM coverage under the policy.[1] On April 5, 2022, defendant rejected plaintiff's request for UIM coverage because the vehicle that the Polks used to drive to the scene where the accident occurred was not a "covered auto" under the policy. In response, on May 2, 2022, plaintiff wrote to defendant and argued that he should receive UIM coverage because section C(3)(a) of the policy—which according to plaintiff is the only potentially applicable exclusion—does not justify denial. Section C(3)(a) provides that the policy does not cover bodily injuries sustained by "[a]n individual Named Insured while 'occupying' or when struck by any vehicle owned by that Named Insured that is not a covered 'auto' for Uninsured Motorists Coverage under this Coverage Form."

Plaintiff argued that defendant cannot deny coverage under section C(3)(a) because, among other reasons, the Polks were "pedestrians" at the time of the accident. Plaintiff's argument can be divided into two distinct sub-components: first, that the policy includes UIM coverage unless an express exclusion applies, and second, that the policy's exclusions do not apply in the instant case. Specifically, plaintiff asserted that the section C(3)(a) exclusion does not apply in the instant case because it contemplates only situations where an insured occupied a non-covered auto at the time of the accident. The policy defines "occupying" as "in, upon, getting in, on, out or off." Because plaintiff argued that the Polks were not "occupying" any vehicle, covered or non-covered, but were instead "pedestrians," plaintiff concluded that no

---

[1] The parties do not dispute that both Mr. Polk and Ms. Kurek-Polk are "insureds" under the policy.

exclusions applied and the policy covered his claim.

Defendant replied to plaintiff on June 2, 2022, again denying his request for UIM coverage. Defendant disagreed with plaintiff's framing of section C(3)(a). According to defendant, plaintiff incorrectly indicated that "UIM coverage is based on whether someone is an 'insured' and not whether a covered 'auto' was involved." Instead, defendant argued that Illinois law conditions UIM coverage on whether there is a covered auto involved, "and since there was not a covered 'auto' involved, there would be no UIM." In its reply, defendant emphasized that it did "not take[ ] a position on whether [the Polks] were 'occupying' a vehicle, simply that [the vehicle in question] was not a covered 'auto.'"

Plaintiff then filed the instant case on June 14, 2022, in the Circuit Court of Kane County, and defendant removed to federal court on July 14, 2022. Defendant moves to dismiss Count II of the instant case.

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough factual matter, taken as true, to suggest that a plaintiff is entitled to relief. See Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The complaint must include enough facts to state a claim that is plausible on its face. Id. at 570. A claim is facially plausible when the plaintiff pleads sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

When a court examines the terms of an insurance policy, like other contracts, its primary objective is to give effect to the parties' intentions as set forth in their agreement. See Rosenberg

v. Zurich Am. Ins. Co., 312 Ill. App. 3d 97, 101 (2000). The construction of terms in an insurance policy presents a question of law. See Shefner v. Illinois Farmers Insurance Co., 243 Ill. App. 3d 683 (1993). The court construes the policy as a whole, "keeping in mind the risk undertaken, the subject matter that is insured, and the purpose of the contract." Id. If the facts alleged in the complaint potentially bring the suit within policy coverage, an insurer may still be relieved of its duty to insure if it demonstrates, as a matter of law, that an exclusion applies to the face of the complaint. See Novak v. Ins. Admin. Unlimited, Inc., 91 Ill. App. 3d 148, 151–52 (1980).

## DISCUSSION

UIM coverage is a form of liability insurance coverage. Subject to certain exceptions, the Illinois Vehicle Code requires liability insurance coverage for all motor vehicles operated or registered in Illinois. 625 ILCS 5/7-601(a). The principal purpose of the liability insurance requirement is to protect the public by securing payment of their damages. See Phoenix Ins. Co. v. Rosen, 242 Ill. 2d 48, 57 (2011) (internal quotations omitted). Illinois law also requires a motor vehicle liability policy to include uninsured-motorist and hit-and-run motor vehicle coverage. 215 ILCS 5/143a. If a person constitutes an "insured" for the purposes of liability coverage under a policy, courts generally find that the insurance company may not deny uninsured-motorist coverage to that person. See Direct Auto Ins., 161 N.E.3d at 1149, citing Heritage Ins. Co. of Am. v. Phelan, 59 Ill. 2d 389, 394–95 (1974).

Section 155 of the Illinois Insurance Code, 215 ILCS 5/155,[2] provides an

---

[2] Section 155 provides, in relevant part, that:

> "[i]n any action by or against a[n insurance] company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts: (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs; (b) $60,000."

"extracontractual remedy to policy-holders whose insurer's refusal to recognize liability and pay a claim under a policy is vexatious and unreasonable." Phillips v. Prudential Ins. Co. of Am., 714 F.3d 1017, 1023 (7th Cir. 2013), quoting Cramer v. Ins. Exch. Agency, 174 Ill. 2d 513, 519 (1996). The Seventh Circuit has determined that "an insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim represents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 200 F.3d 1102, 1110 (7th Cir. 2000) (internal citations omitted).

In the instant case, in Count II plaintiff alleges that defendant has engaged in "vexatious and unreasonable" conduct under section 155 by denying his claim for UIM coverage without conducting a reasonable investigation based on all available information, as required by Illinois law. See 215 ILCS 5/154.6. According to plaintiff, defendant's conduct is particularly vexatious and unreasonable because plaintiff's claim is allegedly based on the Polks' circumstances as pedestrians; therefore, plaintiff argues that his claim is not contingent upon what vehicle he or Ms. Kurek-Polk last occupied, or whether the vehicle was a covered auto. Plaintiff contends that defendant refused to meaningfully consider the express language contained in the policy and refused to provide coverage for losses clearly covered by the policy, as well as failed to provide reasonable and accurate explanations of the bases for its denial.

Defendant moves to dismiss Count II for failure to state a claim. A court may dismiss section 155 claims at the pleading stage when a plaintiff fails to state a sufficient factual basis for sanctions or when a bona fide dispute regarding coverage is apparent from the face of the complaint. See Fed. Ins. Co. v. Healthcare Inf. And Mgmt. Sys. Society, Inc., 567 F. Supp. 3d

5

893, 901 (N.D. Ill. 2021).

The court begins by evaluating defendant's first argument: that plaintiff has failed to allege sufficient facts to satisfy Twombly/Iqbal pleading standard. Defendant argues that plaintiff merely recites the law and provides only general allegations. General allegations that an insurer's denial of a claim constitutes vexatious and unreasonable conduct, without factual support, are insufficient to sustain a cause of action under section 155. See Wheeler v. Assurant Specialty Prop., 125 F. Supp. 3d 834, 841 (N.D. Ill. 2015).

In the instant case, the court denies defendant's motion to dismiss plaintiff's section 155 claim because it finds that the complaint's factual allegations allege the absence of a bona fide coverage dispute between the parties. In evaluating the complaint's plausibility, the court accepts as true plaintiff's assertions of defendant's conduct, including that the Polks were "pedestrians" at the time of the accident and that defendant failed to conduct a reasonable investigation and explain its denial of coverage.

A bona fide coverage dispute is a dispute that is real, genuine, and not feigned. See Phillips v. Prudential Ins. Co. of Am., 714 F.3d 1017, 1023 (7th Cir. 2013). In the instant case, whether there is a bona fide coverage dispute depends on contract interpretation and the facts alleged in the complaint. Plaintiff argues that, under the express language of the insurance contract, UIM coverage is not conditional on the insured's nexus to a covered auto, citing Cohs v. Western States Ins. Co., 329 Ill. App. 2d 930 (2002), and Greer v. Kenilworth Ins. Co., 60 Ill. App. 3d 22 (1978). Plaintiff complains that defendant's explanation for its coverage refusal "ignore[d] the express coverage triggering language of the UIM provisions of its Policy," which does not "reference that an insured must be occupying a vehicle of any kind." According to plaintiff, defendant "invented preconditions to its underinsured coverage in order to manufacture

6

a basis to deny coverage" and failed to address in any manner his argument that the Polks were "pedestrians" at the time of the accident, and that coverage did not depend on what kind of vehicle the Polks had been driving before the accident.

The court agrees with plaintiff that his factual allegations do not suggest a bona fide coverage dispute. The court disagrees with defendant that the parties' "detailed coverage arguments" are evidence of a legitimate policy defense and denial based on the policy's express wording. Assuming as true that defendant failed to acknowledge that the Polks were "pedestrians" at the time of accident, the court concludes that a reasonable trier of fact could find that defendant did not raise a bona fide dispute as to whether the claims were covered under the policy because it did not address plaintiff's primary argument. It is plausible, at the pleading stage, that defendant's conduct could be found to have been vexatious and unreasonable under section 155. Therefore, the court denies defendant's motion to dismiss Count II.

## CONCLUSION

For the reasons set forth above, the court denies defendant's motion to dismiss Count II (Doc. 7). Defendant is directed to answer the complaint on or before November 14, 2022. The parties are directed to file a joint status report using this court's form on or before November 21, 2022.

                        **ENTER:**

                        **Robert W. Gettleman**
                        **United States District Judge**

**DATE: October 25, 2022**